UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMMY LOUISE BLASZAK,

    Plaintiff,                                    Hon. Robert J. Jonker

v.                                                   Case No. 1:21-cv-1093

UNITED STATES OF AMERICA,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

      Plaintiff Tammy Louise Blaszak, proceeding pro se, filed a complaint against the United States of America in the 84th District Court for Lake and Missaukee Counties, Michigan, on or about November 18, 2021, alleging that the United States committed malicious prosecution, was derelict in its duty, and seized her assets to satisfy an income tax liability she claims she does not owe. (ECF No. 1-2 at PageID.6-7.) In short, Blaszak asserts that the wages reported on her W-2s are not subject to federal income tax (*id.* at PageID.7)—a classic tax protester theory that courts have repeatedly rejected as without merit and frivolous. *See*, *e.g.*, *Sisemore v. United States*, 797 F.2d 268, 270 (6th Cir. 1986). On December 29, 2021, the United States filed a notice of removal pursuant to 28 U.S.C. §§ 1441 and 1442, removing the state-court case to this Court. (ECF No. 1.)

      Presently before me is the United States' Motion to Dismiss Blaszak's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction or, alternatively, pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (ECF No. 24.) The motion is now fully briefed and ready for decision. Pursuant to 28 U.S.C. § 636(b)(1)(B), I

recommend that the Court **GRANT** the motion and dismiss Blaszak's complaint with prejudice for lack of jurisdiction.

### I. Background

Blaszak, an office worker employed by the State of Michigan, filed Form 1040 income tax returns for the tax years 2014 through 2016 and received refunds for those years. (ECF No. 24-2 at PageID.84–85, 88–89, 92–93.) For tax year 2017, however, Blaszak filed a return showing $0.00 of income and requesting a return of more than $11,000. (*Id.* at PageID.96–97.) The Internal Revenue Service (IRS) paid the refund, but its Return Integrity Verification Office discovered the discrepancy between her 2017 return and her form W-2 from the State of Michigan reporting $49,262 in wages. (*Id.* at PageID.97; ECF No. 24-3 at pageID.104.)[1] Accordingly, the IRS assessed additional tax, accuracy-related penalties, and interest to Blaszak. Blaszak also filed amended returns for 2014 through 2016, attempting to claim a refund of her federal withholding for those years that had not been refunded. (ECF No. 24-2 at PageID.85; ECF No. 24-4.) Having discovered Blaszak's scheme, however, the IRS denied the refunds and, instead, assessed civil penalties for filing frivolous tax returns under 26 U.S.C. § 6702(a). (ECF No. 24-2 at PageID.86, 90, 94.)

Blaszak continued her scheme with her return for the 2018 tax year by submitting a Form 1040 showing zero income and an overpayment based on her wage withholding for that year. (ECF No. 24-2 at PageID.99; ECF No. 24-6 at PageID.149.) The IRS offset her withholding credit for that year against her penalty under Section 6702 for the 2015 tax year. (ECF No. 24-2 at

---

[1] The United States has attached Information Return Processing Transcripts for the 2014–2018 tax years to its brief as Exhibit B. The Information Returns Processing System receives data submitted by employers and other third parties reporting income, including wages, that the taxpayer has received during the tax year. This information is then validated and stored in the Information Return Master File. *See* https://www.irs.gov/privacy-disclosure/information-returns-processing.

PageID.99–100.) After examining Blaszak's 2018 tax year, the IRS determined a deficiency of $5,141 in tax and $1,068 in late payment penalties pursuant to 26 U.S.C. § 6662(a). (ECF No. 1-2 at PageID.11–12; ECF No. 24-5.) Blaszak filed a petition in the United States Tax Court to redetermine that deficiency.[2] (ECF No. 24-6 at PageID.150.)

In January 2020, the IRS levied Blaszak's wages from the State of Michigan. (ECF No. 24-7.) Between March and October 2020, the State of Michigan remitted various amounts from Blaszak's wages to the IRS ranging from $474.61 to $862.15 per month, which the IRS applied toward Blaszak's 2017 income tax and civil penalty liabilities. (*Id.*)

In March 2021, Blaszak filed another amended return for 2016, stating her position that she is a citizen of the "Michigan Republic" and is thus a "nonresident alien" not subject to federal income tax. (ECF No. 24-4 at PageID.117–35.) She demanded that all collection actions cease and that all amounts withheld be refunded to her.

IRS records do not show that Blaszak has filed any administrative claim with the IRS for damages under 26 U.S.C. § 7433 relating to collection of the frivolous return penalties or her 2017 income tax liability.[3] (ECF No. 24-6 at PageID.150.)

---

[2] The United States notes that the IRS mistakenly assessed the 2018 tax that Blaszak is challenging in the Tax Court. However, the IRS has requested that the assessment be abated. (ECF No. 24 at PageID.62 n.2; ECF No. 24-6 at PageID.150.)

[3] Section 7433 provides a cause of action against the United States for money damages if, "in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of [title 26], or any regulation promulgated under [title 26]." 26 U.SC. § 7433. This waiver of sovereign immunity is strictly construed and does not provide taxpayers a cause of action for an allegedly improper assessment of taxes. *See Judicial Watch, Inc. v. Rossotti*, 317 F.3d 401, 411 (4th Cir. 2003); *Shreiber v. Mastrogiovanni*, 214 F.3d 148, 154 (3d Cir. 2000).

## II.  Motion Standard

The United States brings its motion to dismiss pursuant to Rule 12(b)(1) for lack of jurisdiction and, alternatively, pursuant to Rule 12(b)(6) for failure to state a claim. Because Blaszak fails to meet her burden of identifying a waiver of sovereign immunity by the United States, I conclude that the motion is properly analyzed under Rule 12(b)(1).[4] Thus, given the lack of a valid waiver, the Court need not, and indeed, cannot, consider whether Plaintiff has stated a claim. *See Torp. v. United States*, No. 18-2114, 2019 WL 3402472, at *2 (6th Cir. July 3, 2019).

A motion to dismiss under Rule 12(b)(1) for lack of jurisdiction may come in the form of either a "facial attack" or a "factual attack." *O'Bryan v. Holy See*, 556 F.3d 361, 375 (6th Cir. 2009). A facial attack "questions merely the sufficiency of the pleading." *Id.* at 376.

> "[W]hen reviewing a facial attack, a district court takes the allegations in the complaint as true.... If those allegations establish federal claims, jurisdiction exists." However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."

*Id.* (internal citations omitted). "A factual attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Here, the United States' motion presents a factual attack on the existence of jurisdiction.

---

[4] As part of its argument that the Federal Tort Claims Act (FTCA) does not waive sovereign immunity for Plaintiff's claim, the United States argues that Blaszak failed to allege that she filed an administrative claim as required by 28 U.S.C. § 2675(a). In the Sixth Circuit, an argument that a plaintiff failed to exhaust a FTCA claim is reviewed for failure to state a claim under Rule 12(b)(6) rather than for lack of jurisdiction under Rule 12(b)(1), as the administrative claim requirement is considered a claims processing rule rather than a jurisdictional requirement. *See Kellom v. Quinn*, Nos. 20-1003/1222, 2021 WL 4026789, at *3 (6th Cir. Sept. 3, 2021) (citing *Copen v. United States*, 3 F.4th 875, 880–81 (6th Cir. 2021)). However, the United States' argument that the FTCA excludes Blaszak's claim from its waiver presents a jurisdictional issue.

4

Where jurisdiction is challenged under Rule 12(b)(1), the plaintiff bears the burden of proving jurisdiction in order to survive the motion. *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986).

### III.  Discussion

The doctrine of sovereign immunity precludes suit against the United States without its consent. *Lundstrum v. Lyng*, 954 F.2d 1142, 1145 (6th Cir. 1991). A court therefore lacks subject matter jurisdiction over a suit against the United States unless it expressly consents to suit. *United States v. Testan*, 424 U.S. 392, 399 (1976). The terms of the waiver define the court's jurisdiction to entertain the suit. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The plaintiff bears the burden of establishing that the United States has waived sovereign immunity. *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000); *see also United States v. Morton*, No. 1:16–mc–84, 2016 WL 8198848, at *2 (W.D. Mich. Nov. 28, 2016) ("It is clear that the United States is immune from suit absent its explicit consent and that the burden is on [the party claiming jurisdiction exists] to prove an explicit and unequivocal waiver of sovereign immunity.").

Blaszak purports to assert a claim under Michigan's malicious prosecution statute, Mich. Comp. Laws § 600.2907. (ECF No. 1-2 at PageID.7; ECF No. 25 at PageID.180.) The United States cites two possible waivers for this claim, the FTCA and an action for a tax refund under 26 U.S.C. § 7422, but it demonstrates why neither waiver is applicable in this case.

The FTCA, 28 U.S.C. §§ 1346, 2671–2680, provides a limited waiver of the United States' sovereign immunity and vests district courts with subject matter jurisdiction over certain tort claims against the United States. *Levin v. United States*, 568 U.S. 503, 506 (2013). However, the FTCA specifically excludes from the waiver "[a]ny claim arising in respect of the assessment or collection of any tax." 28 U.S.C. 2680(c). The statute is clear that actions relating to the

5

assessment or collection of taxes are excluded from the waiver. *Ecclesiastical Order of the Ism of Am, Inc. v. Chasin*, 845 F.2d 113, 115 (6th Cir. 1988). Here, it is apparent from Blaszak's complaint and the attached exhibits that her claim arises out of the assessment and collection of income tax by the IRS. The crux of her claim is that the IRS improperly assessed and collected tax based on W-2 wages from her employer. (ECF No. 1-2 at PageID.6–7.) Accordingly, the FTCA does not provide the requisite statutory waiver for Blaszak's complaint. *See Dunlap v. Lew*, No. 2:15-CV-2675, 2016 WL 2926310, at *3 (S.D. Ohio May 19, 2016) (concluding that the plaintiff's claims against the defendants involving IRS assessments and collection through levies and garnishments were barred by sovereign immunity).

To the extent Blaszak's complaint can be construed as a claim for a refund, she has failed to comply with the jurisdictional prerequisites to invoke a waiver of sovereign immunity. Pursuant to 26 U.S.C. § 7422(a), before filing an action for a refund, a taxpayer must file an administrative claim for a refund with the Secretary. In addition, the taxpayer must pay her full tax liability prior to filing suit. *Flora v. United States*, 362 U.S. 145, 146 (1960); *Estate of Davenport v. United States*, 736 F. Supp. 2d 1087, 1091–92 (E.D. Mich. 2010) ("[I]n order to satisfy the jurisdictional requirements of § 7422(a), the taxpayer must first pay the deficiency, then file a claim for refund, and then file a refund lawsuit, in that precise order.").

Here, Blaszak has failed to comply with these requirements. First, she has not fully paid her assessed taxes and civil penalties or her 2017 and 2018 tax liability. Second, she has not filed a proper administrative claim. An amended return may constitute a claim for refund if it is "properly executed." 26 C.F.R. § 301.6402-3(5). However, a frivolous return—one that "lacks 'an honest and reasonable intent to supply the information required by the tax code'"—is not valid. *Gillespie v. United States*, 670 F. App'x 393, 395 (7th Cir. 2016) (quoting *United States v. Moore*,

6

627 F.2d 830, 835 (7th Cir. 1980)). In cases brought by tax protestors, such as the instant action by Blaszak, "it is obvious that there is no 'honest and genuine' attempt to meet the requirements of the code." *Id.* (internal quotation marks omitted); *see also Treglowne v. United States*, No. 99-CV-70323, 2000 WL 264677, at *4 (E.D. Mich. Jan. 21, 2000) (concluding that the plaintiff's 1040EZ which indicated that he had $0.00 in income and requested a refund of the entire amount withheld from his wages was not a proper refund claim for purposes of conferring jurisdiction under 26 U.S.C. § 7422(a)). Therefore, Blaszak's amended returns do not constitute proper claims for refund for purposes of Section 7422(a). Similarly, her correspondence setting forth her position in support of her claim for a refund does not constitute a proper informal claim, as her arguments were no less frivolous than her amended returns. *See*, *e.g.*, *Boggs v. Comm'r*, 569 F.3d 235, 238 (6th Cir. 2009) ("[W]e reject the argument that wages are not completely taxable because they are a return on human capital. This is a variation on an argument repeatedly rejected by courts that wages are not income because they are in equal exchange for labor.").

      Blaszak does not address the issue of a statutory waiver in her response and, therefore, does nothing to meet her burden of identifying an applicable waiver by the United States. Instead, she raises a series of classic and thoroughly rejected tax protestor arguments, including the "shopworn, threadbare yet indefatigable favorite of tax protestors from Massachusetts to California, the gold-fringed flag argument" (the district courts' use of a gold-fringed indicates it is a military tribunal and not a district court). *Murdock v. American Axle & Mfg., Inc.*, No. 03-CV-73744, 2003 WL 25816431, at *4 (E.D. Mich. Dec. 23, 2003); *see also Wilson v. Superior Court of Cal. Tuolumne Cnty.*, No. 1:13-cv-1587, 2014 WL 51158, at *1 n.1 (E.D. Cal. Jan. 7, 2014) (rejecting "gold-fringed flag" argument and noting that "[t]he jurisdiction of a particular court is not based upon the 'fringe' located on a flag, but instead the jurisdiction conferred on it by the appropriate

7

legislative body"); *Minkin v. United States*, No. 05-CV-1255, 2006 WL 1174318, at *1 and *1 n.1 (N.D.N.Y. May 3, 2006) (the petitioner's contention that any courtroom flying a military flag is a military tribunal operating under admiralty/maritime jurisdiction bordered on the absurd). She also recycles a number of arguments that I have already identified as frivolous, including that the United States and United States of America are different entities and that she is a citizen of a Union, the United States. Blaszak's related claim that the United States of America is a corporation and not the government is likewise frivolous. *See United States v. Beeman*, No. 1:10-cv-237, 2011 WL 2601959, at *9 (W.D. Pa. June 30, 2011); *United States v. Stuler*, No. 08-273, 2010 WL 306996, at *5 (W.D. Pa. Jan. 26, 2010) (rejecting "typical 'tax protester' argument[] claiming that the United States is a private corporation" as "patently and objectively frivolous"). Blaszak's remaining assertions are equally meritless and warrant no discussion.

Finally, having filed a motion to dismiss, the United States is not in contempt for failing to answer Blaszak's complaint, *see, e.g.*, *Massie v. Kentucky*, No. 3:13-CV-626, 2013 WL 6017438, at (W.D. Ky. Nov. 13, 2013) ("Here, on July 29, 2013, the Bourbon County Defendants filed a motion to dismiss Plaintiff Massie's complaint pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(b)(3). This was a proper response to Plaintiff Massie's complaint."); the United States' motion and brief were properly signed by an attorney of record in accordance with Fed. R. Civ. P. 11(a); and its certificate of compliance regarding the word count of its brief meets the requirements of Local Civil Rule 7.2(b)(i). These arguments provide no basis to deny the instant motion.

Accordingly, I conclude that Blaszak's complaint is barred by sovereign immunity and should be dismissed with prejudice.

Finally, in its reply, the United States requests that the Court invoke its inherent power to impose monetary sanctions against Blaszak for filing a frivolous action. (ECF No. 26 at

PageID.194–95.) The Court undoubtedly has authority to do so. *Sisemore*, 797 F.2d at 270–71. Nonetheless, because the United States did not include this request in its motion and opening brief and raised it for the first time in its reply, I recommend that the Court not impose sanctions. That being said, if Blaszak persists in maintaining frivolous arguments, for example, in objections to this Report and Recommendation requiring a response from the United States, an award of monetary sanctions would be wholly appropriate.

### III.   Conclusion

For the foregoing reasons, I recommend that the Court **grant** the United States' motion to dismiss (ECF No. 24) and dismiss Blaszak's complaint with prejudice.

Dated: June 10, 2022                                         /s/ Sally J. Berens
                                                             SALLY J. BERENS
                                                             U.S. Magistrate Judge

### NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).